**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LASEER JOHNSON,** | : | **Civil Action No.** |
| **1618 S 18th Street** | : | |
| **Philadelphia, PA 19145** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CARDINAL POINT SECURITY,** | : | |
| **261 Old York Road, Suite 734** | : | |
| **Jenkintown, PA 19406** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Laseer Johnson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Cardinal Point Security (hereinafter "Defendant"), for violations of the Pregnancy Discrimination Act/Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Cardinal Point Security is a provider of security

services with a location and corporate headquarters at 261 Old York Road, Suite 734, Jenkintown, PA 19046.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

### JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the PDA/Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on March 6, 2025, alleging associational pregnancy discrimination and retaliation against Defendant.

14. Plaintiff timely filed an Amended Charge with the EEOC, digitally signed on March 26, 2025, alleging associational discrimination and retaliation against Defendant.

15. The Charge was assigned a Charge Number 530-2025-04186 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated February 2, 2026.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

3

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. On or about September 27, 2024, Defendant hired Plaintiff in the position of Security Officer at its Norristown High School site in Norristown, Pennsylvania.

22. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF NOTIFIED DEFENDANT OF HIS GIRLFRIEND'S PREGNANCY

23. Upon starting at Defendant, Plaintiff notified Joe Spych, Site Supervisor, and Jeff Gill, Site Supervisor, that his girlfriend was pregnant and expecting a baby soon.

24. Plaintiff was his girlfriend's primary caretaker throughout the pregnancy.

## PLAINTIFF CALLED OUT OF WORK DUE TO HIS GIRLFRIEND'S PREGNANCY AND WAS CALLED A LIABILITY BY GILL

25. On or about December 18, 2024, Plaintiff called out of work by notifying Gill that he would need to take his girlfriend to a doctor's appointment related to her pregnancy.

26. At this time, Gill explicitly stated that Plaintiff was a liability because he had a baby on the way.

27. Gill also told Plaintiff to come to the office if he had something to complain about.

28. Plaintiff, feeling threatened, did not go into the office.

## GILL REMOVED PLAINTIFF FROM THE SCHEDULE

29. On or about December 19, 2024, Gill took Plaintiff off the schedule.

30. Gill claimed via text message that Plaintiff was removed from the schedule due to a complaint from the job site about Plaintiff.

31. However, Gill refused to provide details of the alleged complaint.

4

## PLAINTIFF CALLED DEFENDANT TO COMPLAIN TO HUMAN RESOURCES AND WAS INFORMED OF HIS TERMINATION

32. On or about December 20, 2024, Plaintiff called Defendant's management office to complain.

33. Plaintiff asked to be transferred to Human Resources.

34. Plaintiff spoke with Jasmine Last Name Unknown ("LNU"), Human Resources Representative.

35. Jasmine told Plaintiff several times that she needed to put him on hold as he attempted to complain about being removed from the schedule.

36. Plaintiff asked Jasmine why he was being put on hold so much.

37. Jasmine claimed that this was not directed at Plaintiff.

38. On the same call, Jasmine stated that Plaintiff was terminated from Defendant.

39. Thereafter, Gill directed Plaintiff to drop off his supplies at Defendant immediately via text message.

## PLAINTIFF HAD REQUESTED TO TAKE PATERNITY LEAVE, BUT HIS REQUEST WAS DISMISSED BY GILL

40. About a week before his termination, Plaintiff told Gill that his baby was due on January 30, 2025.

41. Plaintiff asked Gill to discuss options for a two (2) week unpaid paternity leave several times, but Gill brushed off the conversation and sated that Plaintiff needed to speak to someone else about it.

42. However, Gill did not inform Plaintiff who at Defendant he should communicate with regarding his request for a two (2) week unpaid paternity leave.

**COWORKERS INFORMED PLAINTIFF THAT GILL HAD MADE FALSE RUMORS ABOUT HIM FOLLOWING HIS TERMINATION**

43. Upon being terminated, Plaintiff discovered from several coworkers at Defendant that Gill made false rumors around Defendant that Plaintiff had fraternized with staff from his job site.

44. Defendant discriminated against Plaintiff due to his partner's pregnancy, and because of association with his girlfriend and retaliated against him for taking leave for a medical appointment related to his partner's pregnancy in violation of the PDA/Title VII and the PHRA.

45. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – ASSOCIATIONAL PREGNANCY DISCRIMINATION
PREGNANCY DISCRIMINATION ACT/TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a member of a protected class in that his partner was pregnant.

48. Plaintiff was qualified to perform the job for which he was hired.

49. Defendant terminated Plaintiff.

50. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. Defendant discriminated against Plaintiff on the basis of his partner's pregnancy.

53. Defendant treated employees with non-pregnant partners better than it treated Plaintiff.

54. Defendant has no legitimate non-discriminatory reason for its actions.

6

55. As a result of Defendant's unlawful associational pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

56. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – ASSOCIATIONAL PREGNANCY DISCRIMINATION
<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>**

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a member of a protected class in that his partner was pregnant.

59. Plaintiff was qualified to perform the job for which he was hired.

60. Defendant terminated Plaintiff.

61. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. Defendant discriminated against Plaintiff on the basis of his partner's pregnancy.

64. Defendant treated employees with non-pregnant partners better than it treated Plaintiff.

65. Defendant has no legitimate non-discriminatory reason for its actions.

66. As a result of Defendant's unlawful associational pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## PREGNANCY DISCRIMINATION ACT/TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. Plaintiff engaged in activity protected by PDA/Title VII.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by PHRA.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Laseer Johnson, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the PDA/Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

9

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: May 4, 2026                    **By:** */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*